No. 355

ROSS v. COUDEN

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1477. Decided Nov. 4, 1926

157. BLUE SKY LAW—An instrument sold purporting to be a receipt for paid up "units" in land syndicate is a sale of a security under Blue Sky Law Sec. 6373-1-22 GC; and when same is disposed of without registration and certification under Sec. 6373-14 GC. it is in violation of said statutes whether or not there were any false representations.

Mauck, PJ., Sayre & Middleton, JJ., of 4th Dist., sitting.

MAUCK, P. J.

Henley H. Couden by his amended petition in the Franklin Common Pleas pleaded that James A. Ross was a licensed dealer in securities under 6373-1 to 22 GC. commonly known as the Blue Sky Laws, and that he gave bond therefor. He there alleges that Ross sold him shares of stock in a land syndicate and that the sales of such shares was in violation of the above mentioned act on two grounds: the

first being that the security mentioned had not been certified for sale in this state, which fact alone created liability against Ross and the surety company, the second being fraud and misrepresentation of fact which was relied upon by Couden.

The amended answer of Ross first denied all the facts of Couden's petition and further answered that he, Couden and one Patten had entered into a partnership and that the $10,000 was Couden's contribution to same. That lat r it became apparent that the partnership could not effectively carry on the business and it was therefore mutually dissolved. Thereaftei Couden accepted a different instrument and that therefore the original instrument ceased to exist.

To this Couden replied that the second instrument delivered to him was given as additional security to secure the original investment and that he surrendered the first certificate only through the false representations made by Ross, and the whole transaction was so tinctured with fraud as to be null and void. The trial below resulted in a verdict for Couden and the case is here on error to reverse the lower court.

The Court of Appeals held:

1. If the instrument described in the petition and forming the basis of the action was such an instrument as is covered by the Blue Sky Law there was enough evidence to warrant the jury in finding for Couden and the verdict could not be disturbed except from some intervening prejudicial error.

2. "Dated at Cincinnati this 24th day of Dec. 1923, Received of Henley H. Couden, ten thousand dollars, ($10,000) receipt of which is hereby acknowledged by a payment in full for ten units fully participating in the Stone Mountain Land Syndicate, five hundred forty (540) acres in front and in full view of the Confederate Memorial Stone Mountain.

Stone Mountain Land Syndicate, J. A. Ross."

3. The first question that arises, therefore is whether such an instrument is such a security as is covered by the Blue Sky Law. The first section of the law, Sec. 6373 GC. regulates the disposal of "any stock, stock certificates, bonds, debentures, collateral trust certificates or other similar instruments evidencing title to or interest in property.

4. It is not necessary to repeat here what is so forcibly laid down in the opinion in that case. It is sufficient to say that in that case the court was considering an instrument denominated a membership receipt in a syndicate. Groby v. State, 109 OS. 543.

5. The term "unit" imports a part in an enterprise and it is an apt term to describe a share in such a syndicate as the statute was designed to control and therefore comes within the Blue Sky Law.

6. As to the question of partnership, the note uses the words "payment in full" and as there is no limit to partnership liability the defense contradicts itself.

7. The court is of the opinion that the trial

court was generous in admitting evidence and in its charge to the jury and for the foregoing reasons the lower court is affirmed.

Judgment affirmed.

(Sayre & Middletown, JJ., concur.)

Attorneys—Watson, Davis, & Joseph for Ross; Bennett, Westfall & Bennett and J. H. H. Schuler for Couden; all of Columbus.